IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES MICHAEL MOORE,  )<br>  )<br>         Petitioner,  )<br>  )<br>v.  )<br>  )<br>KEN BENNETT, Warden,  )<br>  )<br>         Respondent.  )<br>_____  ) | Case No. CV 06-226-S-MHW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Currently pending before the Court in this habeas corpus matter are Petitioner's Motion to Take Judicial Notice and Respondent's Motion for Summary Judgment. The parties have consented to the jurisdiction of a United States Magistrate Judge, in accordance with 28 U.S.C. § 636(c). (Docket No. 9.) The issues are now fully briefed, and the Court finds that oral argument on these matters is unnecessary.

For the reasons set forth below, the Court will deny Petitioner's Motion to Take Judicial Notice and will grant Respondent's Motion for Summary Judgment. This cause of action shall be dismissed.

**I.**

**BACKGROUND**

Petitioner pleaded guilty in state district court to one count of statutory rape of T.J., a seventeen-year-old girl. He was thereafter sentenced to fifteen years in prison, with the first five years fixed. He appealed, claiming that his sentence was excessive and

**MEMORANDUM DECISION AND ORDER - 1**

that the district court erred in not reducing it.  The Idaho Court of Appeals affirmed, and the Idaho Supreme Court declined to review the case.  (State's Lodgings B-5, B-8.)

Petitioner followed his direct appeal with an application for post-conviction relief, alleging, among other things, that the police had conducted an illegal wiretap by surreptitiously recording a telephone call between T.J. and himself.  The district court denied all relief.  (State's Lodging C-1, p. 193.)  On appeal, the Idaho Court of Appeals concluded that no illegality had occurred because the victim had agreed to the recording of her conversation with Petitioner, and, if that was not sufficient, her parents had consented on her behalf.  The Idaho Supreme Court declined to review the Court of Appeals' decision.  (State's Lodgings B-21, B-26.)

On June 6, 2006, Petitioner initiated the present habeas corpus action in this Court, raising the following claims: (1) the recording of the telephone call violated the wiretapping provisions of Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510 – 2520; (2) the recording of the call also violated Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights; (3) Petitioner's trial counsel was constitutionally ineffective under the Sixth Amendment in failing to file a motion to suppress on these grounds; and (4) Petitioner's appellate counsel was constitutionally ineffective for failing "to discover any stronger non-frivolous issues." (Docket No. 3, pp. 6-8.)

Respondent has filed an answer to these allegations and a motion for summary judgment.  Petitioner has responded to the motion, and he has also filed a motion to take

**MEMORANDUM DECISION AND ORDER - 2**

judicial notice. These matters are now ripe for the Court's ruling.

## II.

## PETITIONER'S MOTION TO TAKE JUDICIAL NOTICE

Petitioner has asked the Court to take judicial notice of the "procedural history of his case" in addition to various items that are not in the current state court record, such as an application for a wiretap, the order authorizing the wiretap, an assertion by the victim under oath that she was competent to testify or over the age of eighteen, and an affidavit showing consent by her parents to the taping of the telephone call. (Docket No. 14-2, pp. 3-4.) Respondent argues that these particular items do not exist, a claim that Petitioner does not appear to dispute. (Docket No. 16, p. 3; Docket No. 19, p. 2.)

This Court will consider the entirety of the state court record that has been lodged by Respondent under Rule 5 of the Rules Governing Section 2254 Cases, but it will not take judicial notice of documents that have either never been filed in any court proceeding or that simply do not exist. *See* Fed. R. Evid. 201(b). Accordingly, Petitioner's motion to take judicial notice of these "documents" or "facts" shall be denied. To the extent that Petitioner believes that the non-existence of these documents actually proves that his rights under the federal wiretapping statute and the United States Constitution were violated, he is incorrect for the reasons given in the following section.

## III.

MEMORANDUM DECISION AND ORDER - 3

## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

1. <u>Standard of Law</u>

The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. *See* Rule 11 of the Rules Governing Section 2254 Cases. Under Rule 56(c), summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id*. In general, summary judgment is not inconsistent with habeas practice and procedure, *see Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977), but a motion for summary judgment in a habeas case must be reviewed in light of the substantive provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").

AEDPA requires a federal court to defer to reasonable state court adjudications on the merits of constitutional claims. Accordingly, an application for writ of habeas corpus shall not be granted unless the state court's adjudication of a claim either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)&(2).

**MEMORANDUM DECISION AND ORDER - 4**

Section 2254(d)(1) contains a "contrary to" and an "unreasonable application" clause, each with an independent meaning. To show that a decision is "contrary to" federal law, a petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

Under the "unreasonable application" clause, the petitioner must establish that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Id*. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the state court decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). Although the controlling federal law is derived from the holdings of United States Supreme Court cases, a federal court may look to lower court cases for persuasive guidance as to what is a reasonable interpretation of the law. *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000).

Section 2254(d)(2) is applicable to a review of a state court's factual findings. Under that subsection, the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*. If a petitioner wishes to rebut state court findings of fact by extrinsic evidence, he must come forward with clear and convincing evidence that the

**MEMORANDUM DECISION AND ORDER - 5**

finding was incorrect.  28 U.S.C § 2254(e)(2).

2.	The State Court's Decision

The Idaho Court of Appeals issued the last reasoned state court judgment, which is the decision that is subject to review in this habeas proceeding.  *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005).  That court turned aside Petitioner's claim that the recording of the telephone conversation between T.J. and himself was unlawful under federal and state wiretapping statutes.[1]  It initially determined that T.J.'s consent provided an exception to the general rule that law enforcement wiretapping is prohibited in the absence of a court order, noting that a seventeen-year-old "would be expected to have the mental acuity and maturity to understand the nature of consent and to give consent to police participation in a confrontation call."  (State's Lodging D-21, p. 4.)  Alternatively, the court found that a police report attached to the victim's affidavit filed in the district court demonstrated that her parents had "vicariously" consented on her behalf.  (State's Lodging D-21, pp. 4-5.)

Because the state court concluded that the interception of the telephone call did not violate any of Petitioner's state or federal rights, it next found that his claims of ineffective assistance of counsel, based upon his counsel's failure to file a motion to suppress in district court or to raise the legality of the recording as an issue on direct appeal, were likewise unavailing.   (State's Lodging D-21, pp. 4-5.)

---

[1] Petitioner's claims under state statute are not cognizable in this federal habeas matter. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

**MEMORANDUM DECISION AND ORDER - 6**

3. Discussion

This Court has reviewed the state court's decision and concludes that it is neither contrary to nor an unreasonable application of clearly established federal law as determined by the Untied States Supreme Court.  28 U.S.C. § 2254(d)(1).

First, the record contains an affidavit from T.J. showing that she agreed to the taping of her conversation with Petitioner.  Although Petitioner is correct that the federal wiretapping statute generally requires law enforcement officers to obtain a court order before intercepting a telephonic communication, it also contains a clear exception to this requirement when a party to the conversation has consented to the surveillance.  18 U.S.C. § 2511(2)(c); *United States v. Shryock*, 342 F.3d 948, 977 (9th Cir. 2003).  Petitioner's argument that T.J. lacked the legal capacity to consent because she was not yet an adult is not well taken, as the statute contains no specific provision excluding minors from the class of persons who are able to provide consent.  Perhaps more to the point, Petitioner has not cited any case from the United States Supreme Court or lower courts that has interpreted the statutory exception in the precise fashion that he now posits.  There being no federal law clearly establishing that a seventeen-year-old is categorically exempt from consenting under the statute, the state court cannot be said to have adjudicated Petitioner's claim in a manner that was contrary to or involved an unreasonable application of that law.

Additionally, when lower courts have been confronted with circumstances in which a child did not consent, those courts have nearly uniformly held that a parent can

**MEMORANDUM DECISION AND ORDER - 7**

give that consent on behalf of his or her children, at least when the parent has an objectively reasonable and good faith belief that it is in the child's best interest. *See, e.g., Pollock v. Pollock*, 154 F.3d 601, 607-10 (6th Cir. 1998); *Thompson v. Dulaney*, 838 F.Supp. 1535, 1544 (D. Utah 1993); *Campbell v. Price*, 2 F.Supp.2d 1186 (E.D. Ark.1998). To the extent that these lower court decisions are relevant in a post-AEDPA case, they support the reasonableness of the state court's alternative basis for its decision that T.J.'s parents vicariously consented on her behalf. Under such a theory, the minor's consent would be unnecessary.

Petitioner attempts to challenge this aspect of the state court's decision by arguing that it was based on an unreasonable finding of fact in light of the evidence presented. 28 U.S.C. § 2254(d)(2). This Court disagrees. Attached to T.J.'s affidavit is a police report in which Detective Bob Mack recites how he informed T.J. of the possibility of a taped confrontation call. After apparently considering the matter for a few days, she *and her parents* returned to the police department where they met again with Detective Mack. A script was devised, after which she called Petitioner. (State's Lodging C-3(e), pp. 6-7.) This Court finds nothing unreasonable about the state court's reliance on the police report in conjunction with the victim's own affidavit to find that her parents were aware of, and consented to, the recording procedure.

Petitioner next contends that, independent of the wiretapping statute, his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated. Because the Idaho Court of Appeals did not expressly address this issue, this Court must presume that the state

**MEMORANDUM DECISION AND ORDER - 8**

court implicitly denied the claim, and the Court must conduct an independent review of the record to determine whether the state court's decision is objectively unreasonable. *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

Petitioner's argument under the Fourth Amendment is not well-developed, but it is clear that government surveillance of a conversation between a targeted individual and an informant voluntarily working with the police does not violate the targeted person's constitutional right against unreasonable searches and seizures. *See United States v. White*, 401 U.S. 745, 753 (1971). Specifically, the Supreme Court has noted that the Fourth Amendment provides "no protection to 'a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it.'" *Id*. at 749 (citing *Hoffa v. United* States, 385 U.S. 293, 303 (1966)); *see also United States v. Little*, 753 F.2d 1420, 1435 (9th Cir. 1984). In a similar vein, a suspect's disclosure of incriminating facts to a police informant does not implicate the suspect's privilege against self-incrimination under the Fifth Amendment, as the potential for governmental compulsion is absent. *Hoffa*, 385 U.S. at 304; *cf. Perkins v. Illinois*, 496 U.S. 292, 300 (1991) (holding that undercover government agent is not required to inform an incarcerated suspect of his "*Miranda* rights" before engaging in a discussion with him). Finally, an individual does not have a Sixth Amendment right to the assistance of counsel during a interview with a police agent until after the initiation of formal judicial proceedings; here, Petitioner had not yet been charged with any crime when he spoke with T.J. *See Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (plurality opinion); *United*

**MEMORANDUM DECISION AND ORDER - 9**

*States v. Gouveia*, 467 U.S. 180, 188 (1984).  It light of these well-established constitutional rules, there is no legal merit to Petitioner's claim that his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments were violated.

This Court further concurs with the state court's determination that Petitioner was not deprived of the effective assistance of trial counsel because a motion to suppress the tape recording would have had no reasonable probability of success.  *See Strickland v. Washington*, 466 U.S. 668 (1984) (holding that a petitioner must show unreasonably deficient performance and actual prejudice).  Petitioner's additional claim of ineffective assistance of *appellate* counsel for failing "to discover any stronger non-frivolous issues" is conclusory.  If Petitioner means that his appellate counsel should have argued the suppression issue on direct appeal, she did not have a basis in the record to do so, and it would not have been successful in any event.

For all of these reasons, there are no genuine issues of material fact and Respondent is entitled to judgment as a matter of law.

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Take Judicial Notice (Docket No. 14) is DENIED.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Judgment (Docket No. 12) is GRANTED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is

**MEMORANDUM DECISION AND ORDER - 10**

DENIED.



DATED: **May 30, 2007**

Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 11**